### THE PEOPLE *vs.* DAVID S. COOK.

Stealing a promissory note was not felony at common law, and an indictment for such stealing should conclude *contra formam statuti.* (a)

On an indictment for a second offence of petit larceny, charged to have been committed after a conviction for the first offence before a court of Special Sessions, the indictment must show that the court of Special Sessions had jurisdiction to try the first offence.

In setting out the proceedings of a court of inferior or limited jurisdiction, the indictment should always state enough to show that such court had jurisdiction of the case.

The prisoner was indicted, 1st, for stealing a $2 promissory note, commonly called a bank note, &c.

2d. For robbing a dwelling house, some person being therein.

3d. For a second offence of *petit larceny,* after a conviction before three justices, at a court of special sessions, for a previous offence.

The counsel for the prisoner objected to any evidence being given under the *first* and *third* counts, because the *first* count did not conclude " against the form of the statute," and because

(a) In this state, it is provided by 2 *Rev. Stat.* 728, that no indictment shall be deemed invalid, by reason of omitting to charge any offence to have been committed contrary to a statute, although the offence may have been created by statute.

the court of Special Sessions, described in the third count, had not jurisdiction, &c.

The Court, WALWORTH, *Circuit Judge*, presiding, decided that stealing a promissory note was not an offence at common law. That the count for stealing it should therefore conclude *contra formam statuti*, and the first count was therefore defective. That in an indictment for a second offence, the count must contain sufficient to show that the court, before which the conviction for the first offence took place, had jurisdiction to try for that offence. That in this case, the indictment was defective because it did not show that the offence was committed within the county where the court was holden, or that the accused requested a trial by the justices, or that he refused to give bail, without which the special sessions had no jurisdiction of the cause. In setting out the proceedings of a court of inferior or limited jurisdiction, the record should always state sufficient to show that such court had jurisdiction in the case.

WASHINGTON OYER AND TERMINER, July 16, 1823. Before *Walworth,* Circuit Judge, and the County Judges.